IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTHONY SMITH,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:09-cv-422

JUDGE WALTER H. RICE

---

DECISION AND ENTRY REJECTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #18); SUSTAINING DEFEDANT'S OBJECTIONS THERETO (DOC. #19); OVERRULING PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) (DOC. #16)

---

Plaintiff Anthony Smith, who has Asperger Syndrome, appealed the Commissioner of Social Security's denial of his application for Social Security disability benefits. The United States Magistrate Judge found that the Commissioner's decision was supported by substantial evidence and recommended that it be affirmed. Doc. #12. Plaintiff filed Objections to the Report and Recommendations. Doc. #13. Defendant did not file a response.

The Court sustained Plaintiff's Objections, rejected the Report and Recommendations, and vacated the Commissioner's decision, remanding the case for further administrative proceedings. The Court found that the administrative law judge failed to consider the record as a whole, giving "short shrift" to Plaintiff's

childhood history of psychiatric problems. For this reason, the Court concluded that the Commissioner's decision was not supported by substantial evidence. Doc. #14.

Plaintiff then moved for an award of $2,791.91 in attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Doc. #16. Under the EAJA, fees are awarded to a prevailing party other than the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

Defendant filed a memorandum in opposition, urging the Court to deny Plaintiff's request, arguing that his position was substantially justified. He noted that the administrative law judge acknowledged Plaintiff's childhood history of hyperactivity, behavioral problems and learning difficulties, specifically discussed Plaintiff's 4-month-long hospitalization as a teenager, and summarized Plaintiff's parents' testimony about his troubled childhood. Defendant further noted that none of the mental health professionals who had reviewed Plaintiff's history characterized those childhood problems as a direct indicator of Plaintiff's present-day condition. Moreover, Plaintiff failed to explain how his childhood history was relevant to a finding that he was currently unable to sustain gainful employment. Doc. #17.

The United States Magistrate Judge issued a Report and Recommendations, recommending that the Court grant Plaintiff's motion for attorney fees. Doc. #18.

2

Quoting *Couch v. Secretary of Health & Human Services*, 749 F.2d 359-60 (6th Cir. 1984), the Magistrate Judge acknowledged that "[t]he fact that this [C]ourt finds a decision of the [Commissioner] not supported by substantial evidence is not equivalent to a finding that the position of the [Agency] was not substantially justified." Nevertheless, the Magistrate Judge found as follows:

> As noted above, Plaintiff filed Objections to my December 9, 2010, Report in which I recommended the Commissioner's decision be affirmed. However, as also noted, *the Commissioner failed to file any pleading whatsoever in response to Plaintiff's Objections. This Court concludes, then, that the Commissioner conceded that his position was not substantially justified.*

Doc. #18, at 3 (emphasis added).

Defendant has filed Objections to the Magistrate Judge's Report and Recommendations on the motion for attorney fees. Doc. #19. The Court reviews *de novo* those portions of the Report and Recommendations that have been properly objected to. Fed. R. Civ. P. 72(b)(3).

First, Defendant denies that failure to file a response to Plaintiff's Objections to the first Report and Recommendations constitutes a concession. He notes that the Federal Rules of Civil Procedure *permit* a party to respond to an opposing party's objections, but nothing *requires* such a response to be filed. He maintains that he chose not to respond to the Objections because Plaintiff raised no new arguments that had not already been adequately addressed in his brief in response to Plaintiff's Statement of Specific Errors. Although it may have been prudent for

3

Defendant to have filed a response, the Court agrees that, under the circumstances presented here, Defendant's failure to do so does not constitute a concession.

Second, Defendant argues that, even if the failure to respond to the Objections did constitute a concession, it would not be a concession that Defendant's position was not "substantially justified," justifying an award of attorney fees. Defendant's Objection is well-taken. The Report and Recommendation at issue concerned the question of whether the Commissioner's decision was supported by "substantial evidence." As the Sixth Circuit held in *Couch*, these standards are similar, but are not synonymous. 749 F.2d at 360.

"Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). In contrast, a position is "substantially justified" when it has "a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988). A finding that the Commissioner's decision is not supported by substantial evidence does not automatically give rise to an award of EAJA attorney fees. A position may be substantially justified even if it is not supported by substantial evidence. *See Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004).

In reviewing the file *de novo*, the Court finds that even though the Commissioner's decision was not supported by substantial evidence, it was nevertheless substantially justified, *i.e.*, it had a reasonable basis in law and in fact.

4

The administrative law judge found that Plaintiff has several severe impairments, including a history of alcohol and drug abuse, a personality disorder, adult attention deficit disorder with features of Asperger Syndrome, auditory expressive-receptive hearing disorder, and bipolar disorder. He concluded, however, that Plaintiff does not have a mental impairment or combination of mental impairments that meets or medically equals one of the Listed impairments.

The administrative law judge found that Plaintiff has the residual functional capacity to perform work, but cannot be subject to strict production standards and cannot do complex jobs or those that require close supervision or teamwork. In addition, rather than be given verbal instructions, Plaintiff must be shown what needs done. The vocational expert testified that, considering Plaintiff's age, education, work experience, and residual functional capacity, there are a significant number of jobs that Plaintiff could perform.

As the Magistrate Judge noted in his initial Report and Recommendation, the administrative law judge found that Plaintiff's subjective complaints about his inability to work were inconsistent with the opinions of all of the expert witnesses. Those experts concluded that, although Plaintiff had some moderate limitations in mental functioning, he was not disabled from gainful employment.

The Court's finding that the administrative law judge gave "short shrift" to Plaintiff's extended history of mental health disorders, and failed to adequately consider the contemporary evidence in the context of the record as a whole, does not preclude a finding that the Commissioner's position was substantially justified.

5

Notably, this is not a situation where the administrative law judge wholly *ignored* large portions of the record. He did, in fact, acknowledge and discuss Plaintiff's lengthy history of problems with mental health issues and substance abuse. Nevertheless, based on the opinions of the expert witnesses, which were "remarkably consistent," the administrative law judge concluded that Plaintiff was not disabled from gainful employment.

The Court finds that the Commissioner's position had a reasonable basis in law and in fact. It was, therefore, substantially justified. Accordingly, for the reasons set forth above, the Court REJECTS the Magistrate Judge's Report and Recommendations (Doc. #18), SUSTAINS Defendant's Objections thereto (Doc. #19), and OVERRULES Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (Doc. #16).

Date: February 25, 2013

WALTER H. RICE
UNITED STATES DISTRICT JUDGE